LAVINIA P. ROBINETTE, APPELLANT, V. ERIC OLSEN,
EXECUTOR, ET AL., APPELLEES.

FILED JULY 7, 1926.     No. 23536.

1. **Wills: ORAL CONTRACT FOR SERVICES: PAROL EVIDENCE.** The making of an oral contract to transfer realty by deed or will in consideration for personal services may be shown by parol proof and the execution of a will conforming to the oral agreement, though the will was subsequently destroyed, where the personal services were fully performed and accepted.

2. ———: ———: **PERFORMANCE: PROOF.** Performance of personal services by a confidential attendant in consideration of an oral contract for the conveyance of realty by deed or will may be shown by evidence that the attendant was frequently observed at her duties, that they were performed and that they were acknowledged and accepted by the other party.

3. ———: ———: **IMPLIED REQUEST.** Requests for personal services of a confidential attendant pursuant to an oral contract to transfer realty in consideration for such services may be implied from evidence that they were rendered and accepted.

4. ———: ———: **BREACH: PROOF.** The breach of an oral contract to transfer realty by deed or will in consideration for personal services may be shown by proof of failure to pay for them and evidence that the transfer was never made and that the means of performance were destroyed.

5. ———: ———: **RELIEF IN EQUITY.** A court of equity may entertain a suit to recover damages for breach of an oral contract to transfer realty by deed or will in consideration for personal services, where equitable considerations essential to an adequate remedy are involved in addition to the main issue.

6. ———: ———: **BREACH: MEASURE OF DAMAGES.** The value of realty which the owner orally agreed to convey by deed or will in consideration for personal services, under the circumstances outlined in the opinion, *held* the measure of damages in a suit for breach of the oral contract.

7. ———: ———: ———: **EQUITABLE RELIEF.** In a suit in equity to recover damages for breach of an oral contract to transfer realty by deed or will in consideration for personal services, the available proceeds of a wrongful sale of the realty to an innocent purchaser may be subjected to the payment of plaintiff's claim.

Robinette v. Olsen.

8. Courts: CONCURRENT JURISDICTION: ESTATES: ALLOWANCE OF
EQUITABLE CLAIM. The jurisdiction of the district court as a
court of equity and the jurisdiction of the county court as a
probate court, to allow a claim against the estate of a deceased
person for damages for a breach of contract, may be con-
current, where equitable relief is essential to a complete remedy,
specific performance and title to realty not being involved, and
a judgment in favor of claimant, if rendered in the equity court,
may be certified to the county court for allowance as a claim
against the estate of decedent.

APPEAL from the district court for Douglas county:
WILLIAM G. HASTINGS, JUDGE. *Reversed, with directions.*

*Will H. Thompson* and *Oscar W. Johnson,* for appellant.

*B. N. Robertson, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON and EBERLY, JJ., and REDICK, District Judge.

ROSE, J.

This is a suit in equity to establish an oral contract to
transfer by deed or will a house and lot in Omaha in con-
sideration for personal services; to recover damages for
breach of the contract; to impound proceeds of a wrong-
ful sale of the property described, and to apply the im-
pounded funds to the payment of the claim in controversy.
The suit was defended on grounds, among others, that no
such contract was ever made and that there was nothing
due for compensable services performed. The district court
upon a trial of the issues entered a nonsuit. This is an
appeal from the dismissal.

Is the evidence sufficient to prove the making of the
oral contract? The parties to it were Lavinia P. Robinette,
the person who performed the personal services, and
Augusta Boyden, the owner of the lot. The former is
plaintiff. Eric Olsen, executor of the will of Augusta
Boyden, deceased, and others interested in her estate are
defendants. The personal services performed by plaintiff
included combing hair, cooking meals, washing dishes, sweep-

ing rooms, attending furnace, gardening, running errands, purchasing groceries, going to bank, care during illness and performance of other duties of a confidential attendant. These services extended over a period of nearly nine years. There is proof that Augusta Boyden in 1912 orally agreed, in consideration for such services during her declining years, to pay for them upon receipt of a prospective inheritance from her parents; that in 1917 the same parties entered into a new oral contract obligating Augusta Boyden, in consideration for services previously performed and like services to be performed during her declining years, to transfer by deed or will the title to her home in Omaha to plaintiff. The making of this latter contract is shown by the testimony of disinterested witnesses and the execution of a will conforming to its terms. The will was executed in 1917 and devised to plaintiff the home or house and lot described in the oral contract. Referring to plaintiff by name the devise concludes: "I make this devise in lieu of any compensation for services rendered by her during my declining years." The record contains a positively identified carbon copy of the will. It was drawn by an attorney who had a responsible position with a trust company. He had been called to the home of testatrix by her and drew the will according to her directions. He was a witness to it. He was also a witness at the trial and his testimony shows the making of both the contract and the will. The testimony of another disinterested witness to the will disclosed the same facts. Each testified to seeing the will signed by testatrix. Others, also disinterested, testified to facts tending to show that testatrix entered into and recognized the existence of the oral contract in controversy and intended to perform it. There is little proof of a different import and nothing to overthrow the evidence adduced by plaintiff to establish the oral contract. In the long line of Nebraska decisions holding that an oral contract of this nature was legally established by parol, it is doubtful if there is one supported by more direct or convincing evidence on the affirmative of the issue than the

Robinette v. Olsen.

present case. The finding herein is that the oral contract was made as pleaded.

Did plaintiff render services amounting to performance on her part? Witnesses who frequently saw her at work testified to facts showing that she complied with the terms of her agreement, and that her services were acknowledged and accepted by Augusta Boyden. The services extended over a period from 1912 to 1921. The proofs, however, indicate that plaintiff was not on duty during the final two weeks, after Augusta Boyden had been taken to a hospital, the explanation of this being that plaintiff was unable to continue her services there during that time. Defendants argue, however, that plaintiff did not make a case because she failed to prove any request for services, though the petition contained the allegation that she agreed to render such services "as might be requested" by Augusta Boyden. The services were performed and accepted during a long period of time. Under the circumstances disclosed, the varying nature and frequency of plaintiff's duties at different times, when performed and accepted, necessarily implied requests therefor. On the issue of performance on her part, the finding on appeal is in her favor.

Did Augusta Boyden violate her oral contract while receiving the consideration for it? It is conclusively shown that sometime before her death she sold the lot to an innocent purchaser and thus destroyed her means of performance. The will devising the lot to plaintiff was destroyed and a former will ignoring her was probated. She never received payment for her services. A breach of the oral contract to transfer the lot to her by deed or will was therefore fully established.

Is plaintiff entitled to relief in equity? Defendants argue that she had an adequate remedy at law in the form of an action against the executor to recover compensation for services performed or damages for breach of contract, if she had any cause of action, and that therefore the suit in equity was not maintainable. Plaintiff, upon complete performance of her duties, was entitled to the lot. Assum-

ing that to be the measure of her compensation, she was entitled to the value of the lot upon breach of the contract. The purchase price was $2,250. The purchaser paid $500 in cash and gave a note for $1,750. The note and a number of partial payments thereon are in the hands of the executor. There is more to plaintiff's case than a mere breach of the oral contract and the recovery of a judgment for the reasonable value of the services actually rendered. The contracting parties agreed in advance that the lot was the measure of compensation. On that basis plaintiff was not obliged to keep an account of her services and the value thereof. Duties of a peculiar nature at odd times during a series of years were required. Sometimes she necessarily left her own work to attend Augusta Boyden. In an action at law technical proof of each item and of the reasonable value thereof, even at the time, would be burdensome. After the lapse of years, in absence of an account, it would be extremely difficult, if not impossible. Under such circumstances the agreed compensation, when not illegal or unreasonable or unconscionable, may sometimes be considered the basis of compensation, just as liquidated damages for breach of contract are sometimes upheld. In equity the proceeds of the sale belonged to plaintiff. The sale of the lot and the failure to transfer it by deed or will to plaintiff amounted to a fraud. The executor is a trustee and as such is accountable to those entitled to a distributive share of the estate. In his hands plaintiff is entitled to follow the proceeds of the wrongful sale and to impound the available trust funds for the payment of her claim. In an action to recover damages for breach of contract, a court of equity may entertain jurisdiction, where, in addition, equitable considerations, such as fraud or the distribution of trust funds, are essential to adequate relief. Damages for breach of contract, where the title to realty is not involved, may also be allowed in the county court as a claim against the estate of a deceased person. The jurisdiction of the district and the county courts is concurrent in such cases. The sources of dual power have been explained in former cases

Robinette v. Olsen.

and further elucidation seems unnecessary. *McGlave v. Fitzgerald,* 67 Neb. 417; *Lacey v. Zeigler,* 98 Neb. 380.

In the present instance plaintiff first filed in the county court a petition for her agreed compensation, the value of the lot, and prayed for an allowance therefor as a claim against the estate of Augusta Boyden, deceased. The petition stated that the lot had been sold to a purchaser in good faith. Issues relating to specific performance and title were therefore eliminated. It thus appeared that the claim was one within the jurisdiction of the county court in the settlement of the Boyden estate. The county court disallowed the claim and plaintiff appealed to the district court, where a demurrer to the petition was sustained and the proceeding at law dismissed. Afterward the equity suit now under consideration was instituted in the district court. The records in both cases, each disclosing a nonsuit, were presented to the supreme court at the same time for review. The technical objections to jursidiction in each case and the merits of the suit in equity are therefore before the supreme court at the same time. Anomalies of this kind should be avoided. Where a plaintiff may resort to one of two forums having concurrent jurisdiction, a definite theory should be deliberately adopted in advance. The remedy should generally be pursued in a consistent course in one action to the end of the litigation. Where the method of obtaining redress is doubtful, pleading in the double aspect of seeking relief by one remedy if another should fail is sometimes sanctioned to settle litigable controversies in a single action. Defendants should not be harrassed and the courts burdened unnecessarily by two proceedings to recover the amount due on a claim consisting of a single item. Defendants insist that the claim of plaintiff in the proceeding at law was disallowed and that consequently it cannot be relitigated in the court of equity. To so rule would defeat a just claim in both courts. There was no trial on the merits of the case in the county court nor on the appeal therefrom to the district court. The law case was dismissed on demurrer to the petition, but the dismissal

734 NEBRASKA REPORTS. [VOL. 114

is reviewable on the appeal to the supreme court and did not terminate the litigation. For reasons already stated the county court had jurisdiction. With the jurisdiction of the county court thus determined the petition therein stated a cause of action which was erroneously dismissed by the county and district courts. With the records of both cases now under consideration, including the pleadings and the evidence in the equity suit, a final decision on the merits of the irregular proceedings is possible. The finding is that plaintiff in the equity suit is entitled to a judgment against the executor of the estate of Augusta Boyden, deceased, for $2,250 and that available funds in his hands as executor should be subjected to the payment thereof in preference to bequests in the will. The judgment of the district court, when rendered, should be certified to the county court as a claim against the estate according to the course pursued in *Lacey v. Zeigler,* 98 Neb. 380. For that purpose the judgment from which the appeal herein was taken is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Measure of Damages, 31 A. L. R. 129; 41 L. R. A. n. s. 246-Courts, 15 C. J. 1131 n. 31-Specific Performance, 36 Cyc. 736 n. 52-Wills, 40 Cyc. 1070 n. 19, 1071 n. 21, 1073 n. 38, 39, 52.