MINNIE GILES, APPELLEE, v. JOHN V. SHERIDAN, APPELLANT, IMPLEADED WITH HARLEY GILES ET AL., APPELLEES.
137 N. W. 2d 828

Filed November 5, 1965. No. 36095.

258

Barney, Carter & Buchholz and Herbert M. Brugh, for appellant.

Merlin L. Springer, G. Porter Putnam, and Lewis R. Ricketts, for appellee Minnie Giles.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is an equitable action to determine and establish the interests of the parties in Lot 3, Randolph Terrace Third Addition to Lincoln, Lancaster County, Nebraska, on which a duplex is located, and for partition.

The plaintiff is Minnie Giles, who at the time of the acquisition of said property was 83 years of age. The initial defendants were John V. Sheridan and Helen M. Sheridan, husband and wife, who will hereafter be referred to as defendant and Helen. Helen was a niece of plaintiff. The petition was filed May 27, 1963. Helen died February 23, 1964, and was survived by defendant and their three children, Barbara Littlejohn, Sally Sheridan, and James Sheridan, the last two being minors. The deed to the property in question is dated October 31, 1962, and describes as grantees Minnie Giles, a single

person, and John V. Sheridan and Helen M. Sheridan, husband and wife, as joint tenants and not as tenants in common. Subsequent to the filing of the action, by a warranty deed dated November 9, 1963, plaintiff conveyed an undivided 1/20 of her interest in said property, subject to a life estate, to a nephew, Harley Giles.

The case went to trial on the third amended petition, which was filed April 28, 1964, and the cross-petition of the defendant, filed June 4, 1964. Service had been perfected on the minor children of Sheridan, Barbara's spouse, and Harley Giles and his spouse, and a guardian ad litem was appointed for the minor defendants. Trial was held July 21, 1964, and a decree was entered March 5, 1965, confirming the shares of the parties and appointing a referee. Defendant has perfected an appeal to this court.

The petition of the plaintiff seeks to establish the interests of the parties on the basis of the contribution made to the purchase price of the property. Plaintiff attempted to prove that Helen came to her home in Hastings in 1961 to induce plaintiff to buy an apartment in Lincoln for joint occupancy and agreed to pay one-half of the costs thereof, and that pursuant to that agreement Helen found the duplex and the plaintiff signed an offer to purchase after looking it over with the Sheridans. This testimony was excluded as a transaction with a deceased, within the provisions of section 25-1202, R. R. S. 1943, the dead man's statute.

It is undisputed that the offer to purchase, dated August 25, 1962, which was signed only by the plaintiff, was prepared by the defendant. The purchase price was $33,325. Plaintiff deposited $1,000 with the offer, which was accepted, and agreed to assume a mortgage to the First Federal Savings and Loan Association of Lincoln in the approximate sum of $20,500, and to pay the balance on or before November 1, 1962. The sale was consummated October 31, 1962. Plaintiff paid $12,121.04 at that time to the grantors, and the deed described

above was delivered. Plaintiff offered to prove the deed was executed in this manner because Helen demanded that she and her husband be included in the title, but the testimony was excluded. In this connection, it is of interest that on examination by his own attorney, defendant testified as follows: "Q Mr. Sheridan, did you ever ask that your name be placed on this deed? A My wife did. Q Did you? A I doubt if I did; I think it was my wife that did." The deed was drawn by a representative of the First Federal Savings and Loan Association of Lincoln, and the evidence is that the defendant told him how it was to be drawn.

The mortgage was paid December 28, 1962. On that date plaintiff gave a check to the First Federal Savings and Loan Association in the amount of $19,003.96, and Helen gave a check in the amount of $686.49. Plaintiff had previously paid $205.50 on the mortgage. On the same day, Helen issued a check to the county treasurer for taxes in the amount of $257.95.

It is defendant's contention that the Sheridans were to pay only $1,000 on the purchase price, and that the plaintiff was to pay the balance. It is his contention that the two items enumerated above constitute a part of the $1,000 they were to pay. There is no other testimony in this record to prove that the Sheridans actually paid $1,000 on the purchase price. Defendant's testimony is contradicted by plaintiff, who insists she always demanded one-half of the purchase price.

The trial court found as follows: "IT IS, THEREFORE ORDERED, CONSIDERED AND ADJUDGED, BY THE COURT, that said shares of each of the parties and their respective interests in said real estate are: 1. Minnie Giles, Plaintiff, Nineteen-twentieths (19/20) of a One-third (⅓) interest in said property, plus and in addition thereto the sum of $13,135.50 from her co-tenants and the survivor to reimburse said Minnie Giles for her payment of the mortgage on said premises, and said sum shall be and constitute a lien on said co-tenents

(sic) share; and a life tenancy in the undivided one-sixtieth (1/60) interest of Harley Giles therein. 2. Harley Giles, an undivided one-sixtieth (1/60) interest therein, subject to the life estate of the plaintiff, Minnie Giles, who on November 9, 1963, was 85 years of age. 3. John V. Sheridan (his own interest and as surviving joint tenant of Helen M. Sheridan) two-thirds (⅔) interest in said property, subject to and charged with the payment and reimbursement of the said sum of $13,135.50 to Minnie Giles, advanced and contributed in payment and release of the mortgage lien thereon."

The plaintiff did not file a motion for a new trial or a cross-appeal on the finding of the interests of the parties in said property, so we limit our discussion of that phase except as it is necessary to an understanding of the other questions involved.

Defendant urges that plaintiff's petition is defective because plaintiff did not allege that she was a joint tenant or a tenant in common, or specify the nature of the interests and estates of the defendant. Section 25-2170, R. R. S. 1943, provides in part: "The petition must describe the property, and the several interests and estates of the several joint owners, or lessees thereof, if known." There is no merit to the defendant's contention.

The plaintiff pleaded the facts in detail, described the monetary interests of the parties therein, alleged in effect a co-tenancy by virtue of said facts, set out the fractional interests by a monetary proportion, prayed for a determination that the parties were owners as tenants in common, for a determination of their exact interest, and for a partition.

The nature of the interest and the estate is what the plaintiff sought to have determined in the action as well as for a partition after the determination was made. Where plaintiff pleads the facts which show the interest, she is not required to define the nature of the interest

where there may be a question because of contribution, mistake, or otherwise.

Plaintiff had the burden of the proof to establish that the estate described in the deed was other than it purported to be. If the plaintiff had not been prevented by the dead man's statute, the indication is that she would have attempted to prove a joint tenancy between the plaintiff and Helen, with each being required to make an equal contribution. This she could not do because of the statute. Reading the deed in the light of its expressed intent and in the absence of proof to indicate otherwise, we must conclude that the deed created a joint tenancy with the three grantees as joint tenants. As such they were seized of the entire estate for the purpose of tenure and survivorship, but only of an undivided interest for the purpose of conveyance.

In Hoover v. Haller, 146 Neb. 697, 21 N. W. 2d 450, we held: "Where a conveyance of property is made to two or more persons, and the instrument is silent as to the interest which each is to take, the rebuttable presumption is that their interests are equal."

When plaintiff on November 9, 1963, conveyed a portion of her interest to Harley Giles, she terminated the joint tenancy as to her, and converted her interest and that of her grantee to a tenancy in common.

In DeForge v. Patrick, 162 Neb. 568, 76 N. W. 2d 733, we said: "An estate in joint tenancy can be destroyed by an act of one joint tenant which is inconsistent with joint tenancy and such act has the effect of destroying the right of survivorship incidental to it.

"Any act of a joint tenant which destroys one or more of its necessarily coexistent unities operates as a severance of the joint tenancy and extinguishes the right of survivorship."

This, however, raises a question as to the nature of the interest of the other two joint tenants, Helen and defendant. If one of two joint tenants disposes of his interest by conveyance inter vivos, the other joint tenant

and the grantee become tenants in common, while, if one of three or more joint tenants conveys his interest to a third person, the latter then becomes a tenant in common, instead of a joint tenant, with the others, though such others remain joint tenants as between themselves. 2 Tiffany, Real Property (3d ed.), § 425, p. 209, note 67 and cases cited therein. See, also, 4 Thompson on Real Property (Perm. Ed.), Joint Tenancy, § 1780, p. 317; 20 Am. Jur. 2d, Cotenancy and Joint Ownership, § 16, p. 109.

With relation to the payment of the encumbrance on the property, a different question arises. The evidence is undisputed that plaintiff paid off the mortgage with a slight assist from Helen which defendant contends was to be applied on the $1,000 they were to pay on the purchase price. We note that the deed under which the defendant is claiming has the following provision: "* * * subject to the unpaid balance of an existing mortgage to FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LINCOLN, which the grantees assume and agree to pay." The deed would indicate, therefore, that the mortgage is a joint obligation of all of the grantees and if defendant seeks to avoid the effect of this language he of course would have the burden to prove an agreement otherwise.

In Carson v. Broady, 56 Neb. 648, 77 N. W. 80, 71 Am. S. R. 691, we said: "In the case of Brown v. Homan, 1 Neb. 448, it was held that the purchase by a tenant in common of an outstanding title to, or incumbrance on, the joint estate, would inure to the common benefit and entitle the purchaser to contribution. And this is believed to be the universal rule."

In Oliver v. Lansing, 57 Neb. 352, 77 N. W. 802, we held: "As between themselves, co-tenants are liable for the payment of liens and incumbrances existing against the common estate, in proportion to their respective interest therein, each being surety for the others."

In Exchange Elevator Co. v. Marshall, 147 Neb. 48, 22 N. W. 2d 403, we held: "A joint or joint and several

debtor who has been compelled to pay more than his share of the common debt has the right of contribution from each of his codebtors."

The deed which created the joint tenancy specifically provided that the grantees assumed and agreed to pay the mortgage. By its terms, therefore, the parties were equally liable for the discharge of the obligation. Defendant has not met his burden to prove that the mortgage was otherwise than the joint obligation of the parties. We hold that a joint tenant who pays off an encumbrance on the property, under such circumstances, does so for the common benefit of the joint tenants and is entitled to contribution.

For the reasons given, we hold that the judgment of the trial court was correct and should be and is affirmed.

AFFIRMED.