EDWARD FORMAN, APPELLANT, V. EARL ANDERSON, APPELLEE.

163 N. W. 2d 894

Filed January 17, 1969. No. 36961.

Snell & Winkle, for appellant.

Ray C. Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and HUBKA and GARROTTO, District Judges.

GARROTTO, District Judge.

The appellant, Edward Forman, hereinafter referred to as plaintiff, commenced this action in the district court for Platte County, Nebraska, to recover damages to his 1963 Rambler automobile and for personal injuries sustained by plaintiff's wife, Barbara Forman, who at the time of the collision was operating said automobile in a northerly direction on Twenty-ninth Avenue in Columbus, Nebraska.

Defendant Earl Anderson was operating his 1962 Ford automobile in a westerly direction on Twenty-seventh Street at the time of the collision between the two cars at the intersection of Twenty-seventh Street and Twenty-ninth Avenue in the City of Columbus, Nebraska, on December 24, 1965.

Defendant Anderson filed a cross-petition charging the plaintiff's wife with negligence of a degree which would defeat her recovery and charging further that the negligence of Barbara Forman was imputed to her husband, the plaintiff herein.

Both parties waived trial by jury and the cause was tried to the court. After hearing the evidence, the court

on November 24, 1967, found the defendant was negligent in the operation of his automobile and that such negligence was the proximate cause of the injuries to plaintiff's wife. The court also found that plaintiff's wife was also negligent, that her negligence contributed to the accident, and that such negligence was more than slight when compared with the defendant's negligence.

The court on December 7, 1967, entered judgment for the defendant on plaintiff's petition and for the plaintiff on defendant's cross-petition. The court dismissed both the petition and cross-petition.

On February 7, 1968, the court overruled plaintiff's motion for new trial. Plaintiff appeals to this court.

As a basis for reversal of the judgment of the district court, plaintiff asserts that said court erred in the following respects: (1) In finding that an innocent non-negligent plaintiff's cause of action for loss of consortium, expenses, and damages is barred by the contributory negligence of his spouse; (2) in declaring a certificate of title to a motor vehicle is conclusive as to ownership; and (3) in failing to determine the plaintiff's interest in the 1963 Rambler.

The evidence among other things discloses that the plaintiff, Edward Forman, purchased the 1963 Rambler car in question in July of 1963; that at the time of its purchase Barbara Forman was not present; that only the plaintiff was present; and that the record title was placed in the names of Edward and/or Barbara Forman. In fact, it was agreed by the parties at the trial that the record title was in Edward and/or Barbara Forman. The inference that the title was ordered placed in the names of Edward and/or Barbara Forman, at the request of plaintiff, Edward Forman, is therefore reasonable and is supported by the evidence.

There was evidence from both the plaintiff and his wife, Barbara Forman, that the funds used to purchase said Rambler automobile were funds inherited by plaintiff from his father and that none of said funds came

from Barbara. However, there was also evidence that the parties had a joint bank account and that the funds used were withdrawn by check from said joint account. All expenses such as automobile insurance, fuel, and repairs were also paid from said account.

All of the foregoing evidence was apparently offered by plaintiff for the purpose of showing that in spite of the fact that title was in both plaintiff and his wife, that in truth and in fact, the ownership of the automobile was in plaintiff only, and therefore not having been in the car either as driver or passenger at the time of the collision he would be entitled to recover resulting damages.

The parties agreed at the trial that the automobile was being used in a family purpose.

This court has adhered to a strict interpretation of statutes pertaining to the ownership of motor vehicles.

In Turpin v. Standard Reliance Ins. Co., 169 Neb. 233, 99 N. W. 2d 26, this court said: "The purpose of the act relating to transfers and titles to motor vehicles is to provide a means of identifying motor vehicles, to ascertain the owners thereof, to prevent theft of motor vehicles, and to prevent fraud.

"A certificate of title to a motor vehicle is generally conclusive evidence in this state of the ownership of the vehicle."

It seems the plaintiff is endeavoring to come within the exception created by the word "generally." The act of the plaintiff in placing the title in the names of both himself and his wife was done freely and voluntarily by the plaintiff. There was no showing of a mistake of fact, or of any coercion or fraud. There is no valid reason for eliminating or removing Barbara Forman's name from the title nor is there any showing that it was ever the intention of the plaintiff that he was to be the sole owner of the car. The entire transaction was the usual everyday situation whereby a husband or wife or both make a purchase of a home, household furniture, or

other personal property for the common use of the family.

Section 60-105, R. R. S. 1943, provides among other things: "No person * * * acquiring a motor vehicle * * * shall acquire any right, title, claim, or interest in or to such motor vehicle * * * until he shall have had issued to him a certificate of title to such motor vehicle. * * * No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle * * * unless evidenced by a certificate of title * * * duly issued, in accordance with the provisions of this act."

In view of the foregoing we conclude that there is no merit to plaintiff's second and third assignments of error.

Plaintiff in his first assignment of error states that the court erred in finding that an innocent nonnegligent plaintiff's cause of action for loss of consortium, expenses, and damages is barred by the contributory negligence of his spouse.

In support of his contention, the plaintiff cites a number of cases. An examination of these cases discloses that factual situations vastly different from the facts in the instant case are involved and it would serve no useful purpose to review them in this opinion.

This court in Doleman v. Burandt, 160 Neb. 745, 71 N. W. 2d 521, said: "Plaintiff objects to instruction No. 3 which states that if the jury finds that the plaintiff, William C. Doleman, was guilty of negligence that said negligence would be imputed to plaintiff Celia Porter Doleman, co-owner of the automobile. We believe this instruction states a correct rule in this particular case in which the co-owners are plaintiffs in an action to recover damages to their automobile. When the automobile is owned jointly and one of the two co-owners entrusts its use to the other, he must accept the risk of damage to his own property caused by the negligence or contributory negligence of his co-owner. Otherwise, we might have the anomalous situation of one co-owner re-

covering for damages to the jointly owned property even in a case where there was concededly contributory negligence in sufficient degree to bar recovery by the co-owner who was driving.

"We adopt this rule only in the above situation where the action is brought by the co-owners as plaintiff against a third party. It would not necessarily apply in all cases, especially where the co-owners are parties defendant and one owner operating the car. In such a case the question of imputable negligence would still require proof of the relationship of principal and agent, joint enterprise, or some community of interest. Snyder v. Russell, 140 Neb. 616, 1 N. W. 2d 125; Hansen v. Lawrence, 149 Neb. 26, 30 N. W. 2d 63."

In Matheny v. Central Motor Lines, Inc., 233 N. C. 681, 65 S. E. 2d 368 (1951), the court said: "The fact that the plaintiff was co-owner and occupant of the automobile, and that it was being driven at the time by her husband with her consent for the common benefit and purpose of both would seem to establish the essential elements of a joint enterprise.

"As such co-owner of the automobile in which she was riding, the plaintiff had equal rights to direct and control its movement, * * * and was in law chargeable with the responsibility for the negligent operation of the automobile."

In Paine v. Chicago & N. W. Ry. Co., 217 Wis. 601, 258 N. W. 846 (1935), the court said: "Where a husband and wife, * * * joint owners of the automobile, which each frequently drove when the other was present, * * * returning from a card party * * * there was joint adventure and a mutual agency requiring that the negligence of the driver be imputed to the co-owner."

In Neiman v. Watkins, 204 Pa. Super. 13, 201 A. 2d 238 (1964), the court said: The contributory negligence of a wife operates to bar recovery of damages by both husband and wife for negligent injury to an automobile owned by them in the entireties. * * *

" 'Under the entireties theory of property held by husband and wife, the husband clearly should be precluded from any recovery for his own act of negligence.' Id. at 456, 144 A. 2d at 488." In that case, the argument was made that the adoption of this rule would bar not only the negligent husband but the innocent wife who, under the entireties theory, is also the owner of the whole property. The court answered this as follows: "This undoubtedly is so but, again, principles of public policy should exclude her recovery. It would be anomalous indeed to say, on the one hand, that the husband may not recover for damage caused to his entire interest in the property by his own act and, on the other hand, to conclude that the wife, nevertheless, may recover for the same entire interest which precluded the husband."

In Clark v. Hampton, 83 N. H. 524, 145 A. 265, 61 A. L. R. 1171 (1929), the court said that where one common owner makes arrangements for the other owner to drive for both, the former is liable for the driver's negligence.

In Lasnetske v. Parres, 148 Colo. 71, 365 P. 2d 250 (1961), the court said that any negligence of a husband in operation of a jointly owned automobile, driving his wife home from her employment, where his wife could not operate an automobile, was imputable to his wife where they were both gainfully employed and contributed their respective earnings to maintenance of household. The court there instructed the jury that: " 'You are instructed that if you find and believe from a preponderance of the evidence that the plaintiff Lennie Parres was guilty of negligence, then the plaintiff Doloris Parres was also guilty of negligence because she was a joint owner of the automobile and the automobile was being used for their joint convenience * * *.' " See, also, 27 Am. Jur. 2d, Husband and Wife, § 452, p. 380; 41 C. J. S., Husband and Wife, § 401c, p. 895; Restatement 2d, Torts, § 494, p. 554.

Based upon the evidence, the facts, and the foregoing

authorities, we conclude that the findings and judgment of the district court are correct and are therefore affirmed.

AFFIRMED.

WHITE, C.J., and SPENCER, J., and HUBKA, District Judge, concur in result.