Donald K. Dunmire, appellant, v. Eugene Cool et al., appellees.

237 N. W. 2d 636

Filed January 22, 1976. No. 39965.

Andrew J. McMullen and Luebs, Tracy, Dowding, Beltzer & Leininger, for appellant.

Robert G. Duncan of Duncan & Russell and Gary B. Schneider, for appellees.

Heard before White, C. J., Boslaugh, McCown, and Brodkey, JJ., and Tesar, District Judge.

Tesar, District Judge.

This is an original action brought by plaintiff in the District Court alleging that the decedent, Lynn B. Buchanan, promised plaintiff that he would leave him one-half of his estate for services to be performed by the plaintiff for the decedent during his lifetime. Plaintiff

alleges that these services were performed by the plaintiff, and that the decedent breached his agreement by changing his will prior to his death. In the alternative, the plaintiff alleges that the defendants through fraud and undue influence encouraged the decedent to change his will to make them beneficiaries and that, thus through their acts, they were unjustly enriched.

The defendants generally denied the plaintiff's claims of the existence of an oral contract between plaintiff and decedent as to the division of decedent's property in the event of his death. The issues were tried to the court.

The District Court, at the close of plaintiff's evidence, found there was insufficient evidence to find that a contract existed between the decedent and the plaintiff and dismissed plaintiff's action. We reverse and remand for further proceedings the decision of the District Court.

All parties by their briefs filed in this court, admit that the sole issues tried in the District Court were whether there was a contract and, if there was a contract, whether plaintiff performed his duties thereunder. Initially, the plaintiff alleged undue influence and fraud to encourage the decedent to change his will as an alternative cause of action. The District Court properly found that it had no jurisdiction in an original action to determine that issue, for the original jurisdiction of that issue is in the county court. However, since plaintiff in his assignments of error asserts that the court erred in failing to find for plaintiff on those issues, which ultimately eliminated the plaintiff as a beneficiary in decedent's estate, we state, on remand of this cause, that undue influence and fraud to encourage one to change his will is not a proper issue, since the District Court's jurisdiction of these issues arises solely by appeal from the county court, which has original jurisdiction.

It is important to place the respective litigants in

their proper perspective. The plaintiff, Dunmire, started renting from the Buchanans, among whom there were three bachelor brothers, in 1937 and eventually, after the death of the Buchanan parents and of two Buchanan brothers, the renting of nearly all the farmland was from Lynn B. Buchanan, whom we will now refer to as the decedent. The decedent died June 3, 1973, at the age of 79 years. Starting in 1959, after decedent's last brother died, the plaintiff started doing various and numerous services for him and it was then that the decedent executed his first will leaving the plaintiff one-half of his estate plus 80 acres. Witnesses testified to conversations, from this time forward, with the decedent in which he told them of the agreement worked out with plaintiff, all of which amply sustained plaintiff's burden of proof of the existence of an oral contract to devise property to plaintiff. These included conversations with Claire Sumstine, James Prichard, and attorneys Jess Adkins and Richard Hove. The defendant, Eugene Cool, is the decedent's second cousin, twice removed, and it was in 1960 that he began to visit the decedent's place annually. On December 1, 1970, attorney Jess Adkins destroyed the old will of decedent, and he was directed to draft a new will renaming the plaintiff to receive one-half of the estate plus 80 acres and which was identical to the original will except for change of executor. At that time Eugene Cool was to get the balance of the estate after plaintiff received his one-half plus 80 acres. In November 1971, decedent was admitted to the hospital in Kearney and later transferred to a nursing home where he remained until he passed away. In March of 1972, the decedent was brought to attorney Hove's office by defendant, Eugene Cool, and decedent's will was changed to divide the estate in thirds with plaintiff, defendant Eugene Cool, and Eugene Cool's son, Harold, as beneficiaries. On March 8, 1973, a new will was executed, again, at Eugene Cool's apparent behest, wherein Eugene Cool's grandson, Michael Cool, was sub-

stituted for the plaintiff in the new will. This is the will which was admitted to probate, and which excluded the plaintiff of any share of decedent's estate.

One must realize that plaintiff has no standing in county court to contest the will of the decedent on the grounds that it violates their agreement that decedent was to make provision in his will for plaintiff's behalf pursuant to their oral contract. Anderson v. Benson, 117 F. Supp. 765; Kimmel v. Roberts, 179 Neb. 25, 136 N. W. 2d 217. While it may be true that plaintiff, although not an heir-at-law, did have standing to contest decedent's last will by virtue of being a party "concerned" under our statutes, section 30-217, R. R. S. 1943, he ultimately chose not to do so. He relied on his contract, which he had a right to do, rather than to assert his claim of undue influence and fraud in the county court. His right to contest the will in county court as a party "concerned," of course, stems from the fact that he was a devisee under all prior wills of decedent (although not always to the extent that plaintiff contends was the contractual agreement) and the will being admitted to probate would destroy his share in the estate. See, 80 Am. Jur. 2d, Wills, § 892, p. 78, § 909, p. 90; Annotation 39 A. L. R. 3d, p. 328.

Although not germane to the issue before us, it is interesting to note the court's findings made at the close of plaintiff's evidence, where he said we have here: "the most beautiful classical case of undue influence at this stage of the proceeding, unless it can be rebutted, that the Court has ever seen, during his term on the Bench."

After the court very properly enunciated the law referable to cases of this nature, he made the following comment which is germane to the issue: "Now what was the evidence? The evidence was that the Plaintiff took him to the grocery stores; whenever he wanted to go to town; when he had some immediate problem over on the farm that he couldn't quite handle, he would go

over there and do it. Now, as we look back on these things, remember that the Plaintiff's own evidence is that the deceased had told him he was going to leave him half his property *and I think that is well substantiated in the evidence.*" (Emphasis supplied.)

This record is replete with testimony by credible witnesses, friends, and business associates of the decedent of the carrying out by plaintiff of his contractual bargain with decedent. Our court has held numerous times that oral contracts to transfer realty by deed or will for personal services, may be shown by parol proofs and of execution of will, which was subsequently destroyed or changed, where the personal services were freely performed and accepted. Robinette v. Olsen, 114 Neb. 728, 209 N. W. 614. As was stated in that opinion: "Performance of personal services * * * in consideration of an oral contract for the conveyance of realty, by deed or will may be shown by evidence that the attendant was frequently observed at his duties, and that they were performed and that they were acknowledged and accepted by the other party."

Equity will grant specific performance of a parol agreement to leave property to another if it is proved by evidence convincing and satisfactory, and if it has been wholly performed by one party and its nonperformance would be a fraud on him. Sopcich v. Tangeman, 153 Neb. 506, 45 N. W. 2d 478. The evidence in this record thus far presented is clear, satisfactory, certain, and unequivocal that the plaintiff and the decedent entered into this personal contract. Its performance was referable solely to their existing understanding and the carrying out of its provisions was solely referable to their contract and not such as might reasonably be referable to some other or different contract or relationship.

We think the language of Sopcich v. Tangeman, *supra,* should sufficiently answer defendants' claim that this type of action cannot be brought in equity court.

There the court said: "And when such contract and relation are established under a single and indivisible contract, and the promisor dies without having complied with the terms of his promise, the county court is without, and the district court has jurisdiction of an action for the specific performance of such contract."

This court fully appreciates that each action for specific performance is to be determined from the facts, circumstances, and conditions presented in the evidence. We are also aware that this type of contract is on its face void, as within the statute of frauds, because not in writing, and even though proved by clear and satisfactory evidence, they are not enforceable unless there has been such performance as the law requires. We find that there has been such performance as shown by the record to this point. Plaintiff has maintained his burden of showing that he performed the burdens imposed upon him by the contract and that he is now entitled to the fruits or benefits, unless, of course, on re-trial upon production of defendants' evidence, the contrary can be shown.

Sufficient to say, it is the law of this state that in determining whether a contract to leave property to someone or to make a will leaving property to a beneficiary was entered into by the parties, it is proper to consider the relations existing between the parties. Rine v. Rine, 100 Neb. 225, 158 N. W. 941. The record, without exception, shows the close relationship of plaintiff and decedent through neighbors, businessmen and friends, and one has but to call attention to the offer of proof which was entered in this record as it pertains to attorney Adkins talking to decedent in the presence of Eugene Cool as it relates to the plaintiff when the offer, which should have been admitted, states, "He (Buchanan, decedent) wanted Dunmire (plaintiff) to receive what the will provided because he *owed it to him and he felt he was entitled to it.*" (Emphasis supplied.) One

doesn't usually *owe* another something of this nature, unless he had promised or contracted for it.

The trial court refused to allow two of decedent's former attorneys to testify as to matters which were vital to plaintiff's cause, upon the theory of client-attorney privilege. While these matters were discussed, other persons were present, and the privilege did not attach. Communications made in the presence of others do not constitute a privileged communication. See, Anderson v. Benson, *supra*; Jenkins v. Jenkins, 151 Neb. 113, 36 N. W. 2d 637; Beacom v. Daley, 164 Neb. 120, 81 N. W. 2d 907; Short v. Kleppinger, 163 Neb. 729, 81 N. W. 2d 182. This testimony was properly admissible.

In this court's recent decision in Clark & Enerson, Hamersky, S., B. & T., Inc. v. Schimmel Hotels Corp., 194 Neb. 810, 235 N. W. 2d 870, the court said: "A promise may be stated in words, either oral or written, or may be inferred wholly or partly from conduct." The conduct of decedent and plaintiff tends most strongly toward that inference.

We reverse the judgment and remand the cause to the District Court for further proceedings.

REVERSED AND REMANDED.