IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

SHARP V. NARED

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KENYON L. SHARP, APPELLANT,

V.

DEBRA NARED, APPELLEE.

Filed May 24, 2016.    No. A-15-335.

Appeal from the District Court for Douglas County: JOSEPH S. TROIA, Judge. Affirmed.

David L. Herzog, of Herzog & Herzog, for appellant.

Brian J. Muench for appellee.

INBODY, PIRTLE, and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Kenyon L. Sharp filed a complaint alleging he was entitled to a legal and equitable ownership interest in his residence. The district court for Douglas County granted Debra Nared's motion for summary judgment. Sharp appeals, asserting the district court erred in finding there were no genuine issues as to the material facts. For the reasons that follow, we affirm.

## BACKGROUND

Dawn Nared, now deceased, began dating Sharp in 1992. At that time, Dawn was living in a house on North 68th Street in Omaha. The house was owned by her brother, Dwain, but Sharp was under the impression that Dawn was "trying to own" the property. Sharp moved into the home with Dawn in 1994 or 1995. Sharp knew at the time that he moved in that Dawn had become the owner of the property. Sharp and Dawn continued to live together, but never married.

On July 10, 2013 Dawn prepared a quitclaim deed granting all of her rights, title, and interest in the property to her sister, Debra Nared. The deed was notarized, and recorded by the Douglas County Register of Deeds on the same day.

Dawn died on February 13, 2014. Sharp filed this action on March 31, claiming a legal and equitable interest in the property. The complaint alleged that he "contributed to a common pool" to pay for expenses related to the property. Sharp alleged he had no knowledge of the quitclaim deed until after Dawn's death, when he was notified by Debra that he should vacate the home. He alleged theories of unjust enrichment, fraudulent transfer, civil conspiracy, and conversion, and sought a constructive trust, partition, and cancellation of the deed.

On January 12 Debra filed a motion for summary judgment alleging there was no genuine issue of fact to be resolved and that she was entitled to judgment as a matter of law. After a hearing, the district court issued an order which sustained Debra's motion and dismissed Sharp's complaint. Sharp filed a motion for new trial, which was overruled by the district court after a hearing. Sharp timely appealed.

## ASSIGNMENTS OF ERROR

Sharp claims, consolidated and restated, that the district court erred in granting Debra's motion for summary judgment, as there were factual and legal issues in dispute.

## STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Facilities Cost Mgmt. Group v. Otoe Cty. Sch. Dist.*, 291 Neb. 642, 868 N.W.2d 67 (2015).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted, and gives the party the benefit of all reasonable inferences deducible from the evidence. *Ted Bish Farm, Inc. v. Southwest Fencing Services, LLC.* 291 Neb. 527, 867 N.W.2d 265 (2015).

## ANALYSIS

*Sharp's Ownership Interest.*

Sharp filed this action claiming an equitable interest in the property at issue. He asserts the district court's order "appears to be the product of a full blown trial" rather than making findings as to whether there were real and genuine issues as to material law and fact. Summary judgment is proper when the pleadings, depositions, and admissions on file, together with the affidavits, show there exists no genuine issue either as to any material fact or as to the ultimate inference drawn therefrom showing the moving party is entitled to judgment as a matter of law. *Green v. Box Butte General Hosp.*, 284 Neb. 243, 818 N.W.2d 589 (2012). For the reasons that follow, we find the evidence presented shows there exists no genuine issue as to any material fact, and that Nared was entitled to judgment as a matter of law.

Each of Sharp's theories of recovery are based upon his claim of ownership in the property. It is undisputed that he is not a record owner of the property, and that Dawn transferred her rights and interest in the property to Debra in 2013 by quitclaim deed. It is also undisputed that Sharp and Dawn cohabitated for a number of years, but they never married. The State of Nebraska does not recognize common-law marriage, thus Sharp could not acquire an interest in the property simply due to his relationship with Dawn prior to her death. See *Vlach v. Vlach,* 286 Neb. 141, 835 N.W.2d 72 (2013).

Although he has no express legal interest in the property, Sharp argues that he gained an ownership interest through his contributions to a "pool" of resources used for maintenance of the property and payment of shared "bills." He argues that his "meretricious" relationship approximated a joint enterprise which warranted a "full adjudication of the issue of unjust enrichment, partition, constructive trust, civil conspiracy, fraudulent transfer, conversion and cancellation of deed."

The Nebraska Supreme Court has stated that "Cohabitation in Nebraska without ceremonial marriage is meretricious. It is not evidence of marital status in this state." *In re McCartney's Estate,* 213 Neb. 550, 330 N.W.2d 723 (1983). In previous cases involving meretricious relationships, the court has found an interest in property can exist when the parties enter into an express oral agreement and the terms of the agreement were found in their respective versions of the agreement, their acts, and conduct in light of the subject matter. See *Kinkenon v. Hue*, 207 Neb. 698, 301 N.W.2d 77 (1981).

Through the pleadings, depositions, and answers to discovery, Sharp did not provide sufficient facts to substantiate his claim to the property, or show the existence of a genuine issue as to a material fact. Sharp testified in his deposition that he had no formal agreement with Dawn regarding payment of bills or the mortgage, or an agreement to transfer ownership in the property. Sharp said that he and Dawn discussed his contributions to the home and that he believed that he had "some kind of vested interest in the house." However, he did not recall a conversation in which she specifically said she would provide him with an interest in the property via a deed.

Dawn and Sharp did not comingle their bank accounts. Sharp testified that he assisted Dawn in paying for certain repairs and maintenance, but he did not allege that he made any improvements that may have increased the property's value. He stated that throughout the 20 years they lived together, the utilities for the home were always in Dawn's name. He claimed to have made mortgage payments, and stated that he often gave her cash to be put toward the mortgage and other bills, but offered no documentation to support this claim. Sharp testified in his deposition that he never signed a deed or the mortgage, placed a lien against the home, or made a claim to anyone regarding an interest in the property.

Debra testified in her deposition that Robert Nared, her father, made payments for some repairs and expenses related to the property, as well as mortgage payments after Dawn's death. There is a factual question as to who made certain payments. However, whether the payments were made by Robert or Sharp, without more, the alleged payments would not create any interest in the house for Sharp.

Viewing the evidence in the light most favorable to Sharp, and giving him the benefit of all reasonable inferences deducible from the evidence, we affirm the district court's determination

that Sharp has no interest in the property. As described in further detail below, any and all claims arising from his alleged interest must fail.

*Partition.*

The purpose of a partition action is to divide a jointly owned interest in real property so that each owner may enjoy and possess in severalty. *Zornes v. Zornes,* 292 Neb. 271, 872 N.W.2d 571 (2015). Having determined that Sharp is not entitled to a joint ownership interest in the property at issue, there is no genuine issue as to a material fact showing that partition is an available remedy.

*Unjust Enrichment.*

Sharp's complaint alleged that due to his "association with Dawn" he was entitled to a right, title, and interest in the property. He asserted Debra acquired the property without consideration and was unjustly enriched at his expense. Dawn gifted the property to Debra, and Sharp cannot show that Debra was unjustly enriched at his expense, as he has no interest in the property.

*Constructive Trust.*

A constructive trust is a relationship, with respect to property, subjecting the person who holds title to the property to an equitable duty to convey it to another on the ground that his or her acquisition or retention of the property would constitute unjust enrichment. *United General Title Insurance Company v. Malone,* 289 Neb. 1006, 858 N.W.2d 196 (2015). A party seeking to establish the trust must prove by clear and convincing evidence that the individual holding the property obtained title to it by fraud, misrepresentation, or an abuse of an influential or confidential relationship and that under the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained. *Id.*

Sharp's complaint requested that the court impose a constructive trust to set off his legal and equitable interest in the property. He did not assert that Debra obtained title by fraud, misrepresentation, or abuse of a confidential relationship. Sharp has no valid claim to title in the property and the evidence does not show that Debra's acquisition or retention of title would constitute unjust enrichment. Thus, we affirm the district court's determination that summary judgment on this issue was proper.

*Fraudulent Transfer.*

The purpose of the Uniform Fraudulent Transfer Act, is to provide creditors with a means to satisfy debts using assets that have been fraudulently transferred. *Reed v. Reed,* 277 Neb. 391, 763 N.W.2d 686 (2009). The UFTA has been adopted in Nebraska and can be found at *Neb. Rev. Stat.* § 36-702 et seq. (Reissue 2008).

Sharp's complaint asserted a cause of action under the Nebraska Fraudulent Transfer Act, as he claimed to be a creditor "by virtue of his association in the management of the realty." The complaint alleged the transfer of title from Dawn to Debra was concealed from him and was "done to hinder, harm, destroy and obliterate the avails owned by [Sharp] in and to said real estate and

the residence thereon." He testified in his deposition that he was a creditor only because of his claimed interest in the property.

Previously, we found that the cash Sharp gave to Dawn which was intended to be used for payment of shared bills and a contribution toward the mortgage payment did not create an interest in the property. Without an interest in the property, he is not a creditor and he has no right to recovery under the fraudulent transfer act. The evidence does not establish the existence of a genuine issue as to any material fact on this issue, thus summary judgment was proper.

*Civil Conspiracy.*

Civil conspiracy requires the plaintiff to establish that the defendants had an expressed or implied agreement to commit an unlawful or oppressive act that constitutes a tort against the plaintiff. *deNourie & Yost Homes, LLC v. Frost,* 289 Neb. 136, 854 N.W.2d 298 (2014). It is necessary in a civil conspiracy action to prove the existence of an implied agreement to establish conspiracy. *Id.*

Sharp asserts Dawn and Debra engaged in an unlawful combination and conspiracy to "deprive and nullify" his rights and interest in the property. However, Sharp has no ownership interest in the property. There is evidence that Dawn transferred her interest in the property to Debra by quitclaim deed, but there is no evidence of an expressed or implied agreement between Dawn and Debra regarding the transfer of the property, let alone an agreement to commit a tort against Sharp. We find summary judgment on this issue was proper.

*Conversion.*

Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. *Brook Valley Ltd. Part. v. Mutual of Omaha Bank,* 285 Neb. 157, 825 N.W.2d 779 (2013). Conversion lies only for serious interference with possessory interests in personal property, not real property. *Id.* Because the property at issue in this case is real property, conversion does not apply, and summary judgment was proper.

*Cancellation of Deed.*

Sharp's complaint alleges Dawn and Debra engaged in conversion by civil conspiracy which requires the deed to be cancelled, nullified, and deemed void or voidable. The district court found that cancellation of the deed is not an available remedy, as there was no evidence of civil conspiracy, and conversion does not apply in this case. We agree, and affirm the determination that Debra was entitled summary judgment on this issue.

CONCLUSION

We affirm the judgment of the district court granting Debra's motion for summary judgment on all issues.

AFFIRMED.