DARLENE SUGGS v. RUTH THOMPKINS NORRIS, ADMINISTRATRIX CTA OF THE ESTATE OF JUNIOR EARL NORRIS

No. 8713SC540

(Filed 2 February 1988)

1. **Contracts § 6.2; Quasi Contracts and Restitution § 2— cohabiting couple— agreements regarding finances and property—enforceable if consideration not sexual services**

Agreements regarding the finances and property of an unmarried cohabiting couple, whether express or implied, are enforceable as long as sexual services or promises thereof do not provide the consideration for such agreements; moreover, where appropriate, the equitable remedies of constructive and resulting trusts should be available as should recovery on *quantum meruit.*

**2. Quasi Contracts and Restitution § 2.1— unmarried cohabiting couple — business relationship preceding cohabitation — quantum meruit not barred**

In an action to recover the value of services involving companionship and housekeeping as well as the operation of a produce business, the trial court did not err by denying defendant's motion for a judgment n.o.v. on the *quantum meruit* claim for business services where there was evidence that plaintiff began work for defendant in his produce business several years before she began cohabiting with him. There was therefore sufficient evidence for the jury to have inferred that plaintiff's work comprised a business relationship with decedent which was separate and independent from their cohabiting relationship.

**3. Quasi Contracts and Restitution § 2.1— unmarried cohabiting couple — business services not gratuitous**

The trial court did not err in submitting a *quantum meruit* issue to the jury where the evidence was sufficient to permit the jury to find a mutual understanding between plaintiff and decedent that plaintiff's work was not free of charge and where plaintiff's work was not of the character usually found to be performed gratuitously.

APPEAL by defendant from *Stephens, Donald W., Judge.* Judgment entered 29 January 1987 in COLUMBUS County Superior Court. Heard in the Court of Appeals 1 December 1987.

Plaintiff instituted this action to recover the value of services rendered to decedent, Junior Earl Norris, involving both companionship and housekeeping services as well as her operation of a produce business on decedent's behalf. The action came on for trial before a jury on 12 January 1987. At the close of all the evidence, defendant moved for a directed verdict on all issues which motion was granted with respect to the claim for relief for companionship services. The motion was denied with respect to plaintiff's claim for compensation for services rendered in raising, harvesting and selling the produce. A Motion for Directed Verdict on a claim to recover the reasonable value of decedent's farm was likewise denied. The trial court refused to submit to the jury any issues concerning plaintiff's recovery for housecleaning and domestic services. The jury returned a verdict finding that plaintiff had failed to show the existence of any express or implied-in-fact contract between plaintiff and decedent regarding the division of earnings, profits and assets derived from the produce business. The jury did find however that plaintiff was entitled to recover $35,000 on a *quantum meruit* or quasi-contract theory for her services "involving the raising, harvesting and sale of pro-

duce." At the end of trial, defendant moved for judgment notwithstanding the verdict and, in the alternative, a new trial. From a denial of these motions, defendant appeals.

*Williamson & Walton, by Benton H. Walton, III, for plaintiff-appellee.*

*C. Franklin Stanley, Jr. for defendant-appellant.*

WELLS, Judge.

The overriding question presented by this appeal is whether public policy forbids the recovery by a plaintiff partner to an unmarried but cohabiting or meretricious relationship, from the other partner's estate, for services rendered to or benefits conferred upon the other partner through the plaintiff's work in the operation of a joint business when the business proceeds were utilized to enrich the estate of the deceased partner.

Defendant argues under her first three assignments of error that any agreement between plaintiff and the decedent providing compensation to plaintiff for her efforts in the raising and harvesting of produce was void as against public policy because it arose out of the couple's illegal cohabitation. While it is well-settled that no recovery can be had under either a contractual or restitutionary (*quantum meruit*) theory arising out of a contract or circumstances which violate public policy, *Pierce v. Coble,* 161 N.C. 300, 77 S.E. 350 (1913), defendant's application of the rule to the present case is misplaced.

This Court has made it clear that we do not approve of or endorse adulterous meretricious affairs, *Collins v. Davis,* 68 N.C. App. 588, 315 S.E. 2d 759, *affirmed,* 312 N.C. 324, 315 S.E. 2d 759 (1984). We made it clear in *Collins,* however, that cohabiting but unmarried individuals are capable of "entering into enforceable express or implied contracts for the purchase and improvement of houses, or for the loan and repayment of money." 68 N.C. App. at 592, 315 S.E. 2d at 762. Judge Phillips, writing for the majority, in *Collins,* was careful to point out that if illicit sexual intercourse had provided the consideration for the contract or implied agreement, all claims arising therefrom, having been founded on illegal consideration, would then be unenforceable.

While our research has disclosed no other North Carolina cases which address this specific issue, we do find considerable guidance in the decisional law of other states. Most notable is Justice Tobriner's landmark decision in *Marvin v. Marvin*, 18 Cal. 3d 660, 557 P. 2d 106, 134 Cal. Rptr. 815 (1976) which held that express contracts between unmarried cohabiting individuals are enforceable unless the same are based solely on sexual services. 18 Cal. 3d at 684, 557 P. 2d at 122, 134 Cal. Rptr. at 831.

The *Marvin* Court also held that an unmarried couple may, by words and conduct, create an implied-in-fact agreement regarding the disposition of their mutual properties and money as well as an implied agreement of partnership or joint venture. *Id.* Finally, the court endorsed the use of constructive trusts wherever appropriate and recovery in *quantum meruit* where the plaintiff can show that the services were rendered with an expectation of monetary compensation. *Id.*

Other jurisdictions have fashioned and adhered to similar rules. In *Kinkenon v. Hue*, 207 Neb. 698, 301 N.W. 2d 77 (1981), the Nebraska Supreme Court confirmed an earlier rule that while bargains made in whole or in part for consideration of sexual intercourse are illegal, any agreements not resting on such consideration, regardless of the marital status of the two individuals, are enforceable. *Id.* at 703, 301 N.W. 2d at 80.

Likewise, the New Jersey Supreme Court held as enforceable an oral agreement between two adult unmarried partners where the agreement was not based "explicitly or inseparably" on sexual services. *Kozlowski v. Kozlowski*, 80 N.J. 378, 403 A. 2d 902 (1979). In *Fernandez v. Garza*, 88 Ariz. 214, 354 P. 2d 260 (1960), the Arizona Supreme Court held that plaintiff's meretricious or unmarried cohabitation with decedent did not bar the enforcement of a partnership agreement wherein the parties agreed to share their property and profits equally and where such was not based upon sexual services as consideration. *See also Restatement of Contracts* § 589 (1932); Comment, 90 *Harvard L. Rev.* 1708 (1977).

[1]   We now make clear and adopt the rule that agreements regarding the finances and property of an unmarried but cohabiting couple, whether express or implied, are enforceable as long as sexual services or promises thereof do not provide the considera-

tion for such agreements. Moreover, where appropriate, the equitable remedies of constructive and resulting trusts should be available as should recovery under a quasi-contractual theory on *quantum meruit.*

[2]  In the present case, the question is before this Court on an appeal of the trial court's denial of defendant's Motion for Judgment Notwithstanding the Verdict; therefore, our standard of review is whether the evidence viewed in the light most favorable to plaintiff is sufficient to support the jury verdict. *Wallace v. Evans,* 60 N.C. App. 145, 298 S.E. 2d 193 (1982). Applying the foregoing standard, we find that plaintiff's evidence that she began to work for the decedent in his produce business several years before she began cohabiting with him and that at the time she began work she believed the two of them were "partners" in the business, was sufficient evidence for the jury to have inferred that plaintiff's work comprised a business relationship with decedent which was separate and independent from and of their cohabiting relationship. Therefore, the jury may have inferred that sexual services did not provide the consideration for plaintiff's claim. We therefore hold that plaintiff's claim for a *quantum meruit* recovery was not barred as being against public policy. Defendant's first three assignments of error are overruled.

[3]  Defendant next argues under assignments of error 4 and 5 that the trial court erred in submitting a *quantum meruit* recovery issue to the jury because any services rendered by plaintiff were either gratuitous or incidental to an illegal relationship. As we have already addressed the issue of illegality we are concerned here only with the question of whether there existed sufficient evidence to submit the issue of recovery in *quantum meruit* to the jury.

The trial court placed the following issue regarding a quasi-contract or *quantum meruit* recovery before the jury:

*Issue Four:*

4. Did DARLENE SUGGS render services to JUNIOR EARL NORRIS involving the raising, harvesting and sale of produce under such circumstances that the Estate of JUNIOR EARL NORRIS should be required to pay for them?

ANSWER: Yes

Recovery on *quantum meruit* requires the establishment of an implied contract, *Lindley v. Frazier*, 231 N.C. 44, 55 S.E. 2d 815 (1949). The contract may be one implied-in-fact where the conduct of the parties clearly indicates their intention to create a contract or it may be implied-in-law based on the restitutionary theory of quasi-contract which operates to prevent unjust enrichment. D. Dobbs, *Handbook on the Law of Remedies* § 4.2 (1973). An implied-in-law theory required the plaintiff to establish that services were rendered and accepted between the two parties with the mutual understanding that plaintiff was to be compensated for her efforts. *Twiford v. Waterfield*, 240 N.C. 582, 83 S.E. 2d 548 (1954); *Lindley, supra.* Moreover, plaintiff's efforts must not have been gratuitous as is generally presumed where services are rendered between family or spousal members. *Twiford, supra; Francis v. Francis*, 223 N.C. 401, 26 S.E. 2d 907 (1943).

In the present case, the evidence clearly showed that the plaintiff had from 1973 until the death of the decedent in 1983 operated a produce route for and with the decedent. According to several witnesses' testimony, plaintiff had worked decedent's farm, disced and cultivated the soil, and harvested and marketed the produce. Plaintiff, working primarily without the decedent's aid, drove the produce to various markets over a 60 mile route. She handled all finances and deposited them in the couple's joint banking account. Finally, the evidence showed that the decedent, an alcoholic, depended almost entirely on plaintiff's work in the produce business and as well her care of him while he was ill. Because of plaintiff's efforts the couple had amassed seven vehicles valued at $20,000; some farm equipment valued at $4,000; $8,000 in cash in the account, and all debts which had attached to the farm when plaintiff began working with decedent in 1973 were paid—all due to plaintiff's efforts. Additionally, plaintiff testified that when she began work with the decedent in 1973 she believed they were partners and that she was entitled to share in one-half the profits.

The foregoing evidence clearly establishes a set of facts sufficient to have submitted a quasi-contractual issue to the jury and from which the jury could have inferred a mutual understanding between plaintiff and the decedent that she would be remunerated for her services. Plaintiff's efforts conferred many years of

benefits on the decedent and the decedent, by all accounts, willingly accepted those benefits.

Because the evidence viewed in the light most favorable to plaintiff was clearly sufficient to permit the jury to find a mutual understanding between plaintiff and decedent that plaintiff's work in the produce business was not free of charge and because plaintiff's work in the produce business was not of the character usually found to be performed gratuitously, *Twiford, supra; Francis, supra,* defendant's Motions for Directed Verdict and Judgment Notwithstanding the Verdict were properly denied.

No error.

Judges PHILLIPS and PARKER concur.