BRENDA HALL THOMAS, PLAINTIFF v. JOHN L. THOMAS, DEFENDANT

No. 9011DC603

(Filed 5 March 1991)

**Quasi Contracts and Restitution § 2.1 (NCI3d) — quantum meruit — no mutual understanding that compensation was expected — statute of limitations applicable — failure to prove value of services**

Where the evidence tended to show that the parties cohabited for fourteen years, holding themselves out as married, jointly remodeled defendant's mobile home, and began a mobile home park on land defendant owned prior to cohabitation, the trial court erred in awarding plaintiff $25,200.00 quantum meruit for breach of an implied contract, since plaintiff

THOMAS v. THOMAS

[102 N.C. App. 124 (1991)]

did not show by the greater weight of the evidence that the services were rendered and accepted by both parties with the mutual understanding that plaintiff would be compensated for her services; even if plaintiff's evidence were sufficient to support such an inference, her claim would be subject to the three year statute of limitations applicable to contract actions; and to recover more than nominal damages, plaintiff would have to prove the value of the services rendered, which she failed to do. However, this holding might not bar plaintiff from recovery in an action in equity for unjust enrichment.

**Am Jur 2d, Restitution and Implied Contracts §§ 5, 16, 54.**

**Recovery for services rendered by persons living in apparent relation of husband and wife without express agreement for compensation. 94 ALR3d 552.**

APPEAL by defendant from judgment entered 16 December 1989 by *Judge T. Yates Dobson* in HARNETT County District Court. Heard in the Court of Appeals 13 December 1990.

Defendant and plaintiff began cohabitation on 6 April 1973. They separated on 10 December 1987. During those fourteen years defendant and plaintiff held themselves out as married. A daughter was born on 19 June 1984. Both parties worked outside of the home. They jointly remodeled defendant's mobile home and began a mobile home park on land defendant owned prior to cohabitation.

The trial court awarded plaintiff $600.00 for property damage, recovery of specified personal property, and $25,200.00 for defendant's breach of implied contract. From this judgment defendant appeals.

*Bain & Marshall, by Elaine F. Marshall and Alton D. Bain, for plaintiff-appellee.*

*Donald E. Harrop, Jr. for defendant-appellant.*

ARNOLD, Judge.

Defendant argues the trial court erred in awarding plaintiff $25,200.00 *quantum meruit* for breach of an implied contract. We agree.

Recovery on *quantum meruit* must rest upon implied contract. *Lindley v. Frazier*, 231 N.C. 44, 55 S.E.2d 815 (1949). This theory

requires the plaintiff to show by the greater weight of the evidence that the services were rendered and accepted by both parties with the mutual understanding that plaintiff would be compensated for her services. *Twiford v. Waterfield*, 240 N.C. 582, 83 S.E.2d 548, (1954).

In *Suggs v. Norris*, 88 N.C. App. 539, 364 S.E.2d 159, *cert. denied*, 322 N.C. 486, 370 S.E.2d 236 (1988), the plaintiff was an employee of the deceased defendant prior to cohabitation, and she continued to perform services in defendant's business during the cohabitation. Unlike *Suggs*, plaintiff began cohabitating with defendant prior to rendering services. The inference of mutual understanding as to compensation was much stronger in *Suggs* than in the case *sub judice*. The evidence presented and the trial court's findings do not warrant such an inference.

Assuming plaintiff's evidence was sufficient to support such an inference, plaintiff's claim would be subject to the three year statute of limitations applicable to contract actions. *Hicks v. Hicks*, 13 N.C. App. 347, 185 S.E.2d 430 (1971). When indefinite and continuous services are rendered without a definite time for payment having been arranged, payment becomes due as the services are rendered. *Doub v. Hauser*, 256 N.C. 331, 123 S.E.2d 821 (1962). As a result the cause of action for recovery of compensation under either implied contract or *quantum meruit* accrues as the services are rendered. *Id.* Plaintiff's recovery would be limited by N.C. Gen. Stat. § 1-52(1) (1983) to the three year period preceding this action, rather than the entire fourteen years.

To recover more than nominal damages, "plaintiff must prove the value of the services rendered." *Johnson v. Sanders*, 260 N.C. 291, 295, 132 S.E.2d 582, 586 (1963). Plaintiff failed to offer any evidence as to the value of the personal services rendered. The trial court erred in finding the value of plaintiff's services to be $25,200.00 under either implied contract or *quantum meruit*. However, this holding may not bar plaintiff from recovery in an action in equity for unjust enrichment.

"No contract, oral or written, enforceable or not, is necessary to support a recovery based upon unjust enrichment." *Parslow v. Parslow*, 47 N.C. App. 84, 88-9, 266 S.E.2d 746, 749 (1980). "The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without

THOMAS v. THOMAS

[102 N.C. App. 127 (1991)]

the contributor being repaid or compensated." *Collins v. Davis*, 68 N.C. App. 588, 591, 315 S.E.2d 759, 761, *aff'd*, 312 N.C. 324, 321 S.E.2d 892 (1984). It may arise "where one's property is improved or paid for in reliance upon the owner's unenforceable promise to convey the land or some interest in it to the contributor." *Id.* But the contributor must prove the promise. *Wright v. Wright*, 305 N.C. 345, 289 S.E.2d 347 (1982).

Defendant failed to discuss the remainder of his exceptions on appeal, and they are deemed abandoned. N.C.R. App. P. 28(b)(5). The portion of the judgment awarding plaintiff $600.00 for property damage and recovery of specified personal property is affirmed. The portion of the judgment which awarded plaintiff $25,200.00 as compensation for breach of implied contract is reversed.

Affirmed in part, reversed in part.

Judges JOHNSON and LEWIS concur.