GUILFORD COUNTY, PLAINTIFF-APPELLANT v. GARY PAUL KANE; NCNB MORTGAGE CORPORATION, NOTEHOLDER; TIM, INC., TRUSTEE; FIRST UNION NATIONAL BANK OF NORTH CAROLINA, NOTEHOLDER; AND CHARLOTTE F. MANESS, TRUSTEE, DEFENDANTS-APPELLEES

No. 9318SC492

(FIled 5 April 1994)

1. **Eminent Domain § 101 (NCI4th)— condemnation—sewer easement—land partially taken—value—directed verdict denied**

The trial court did not err by denying plaintiff's motion for a directed verdict in a condemnation action where plaintiff condemned a sewer line easement across a 32.6-acre tract in Guilford County; the sewer line separated the northernmost

7.7 acres from the rest of the tract; and defendant's evidence consisted of the before and after values of the 7.7-acre tract. It may be assumed that the value of the remaining land remained relatively constant because there was no evidence of diminution in the value of that land, and the diminution of value of the 7.7-acre area therefore equals the diminution in value of the whole tract. N.C.G.S. § 40A-64(b).

**Am Jur 2d, Eminent Domain § 269.**

**2. Eminent Domain § 244 (NCI4th) — sewer easement — taking of partial tract — damages — instructions**

The trial court did not err in a condemnation action in its instructions on the value of the property where the instructions allowed the jury to view the contentions of the parties in light of the evidence. The jury apparently found the truth and the amount of damages between the opposing contentions and was well within its rights.

**Am Jur 2d, Eminent Domain § 266.**

Appeal by plaintiff from judgment entered 5 November 1992 and order entered 3 December 1992 by Judge R.G. Walker in Guilford County Superior Court. Heard in the Court of Appeals 10 February 1994.

*Guilford County Attorney's Office, by Deputy County Attorney J. Edwin Pons, for plaintiff-appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Michael D. Meeker, for defendant-appellee Gary Paul Kane.*

LEWIS, Judge.

On 8 February 1991, plaintiff filed this condemnation action to acquire a sewer line easement and a temporary construction easement across part of a tract of land belonging to Gary Paul Kane (hereinafter "defendant"). The matter was tried before a jury, which returned a verdict awarding defendant $77,000 in compensation. Judgment on the verdict was entered and plaintiff's motions for judgment notwithstanding the verdict and for a new trial were denied. From the judgment and the denial of the post-trial motions plaintiff appeals.

[1] The procedure for determining compensation in a condemnation action is set out in Chapter 40A of the North Carolina General Statutes. Specifically, when there is a taking of less than the entire tract, "the measure of compensation is the greater of either (i) the amount by which the fair market value of the entire tract immediately before the taking exceeds the fair market value of the remainder immediately after the taking; or (ii) the fair market value of the property taken." N.C.G.S. § 40A-64(b) (1984). Plaintiff's first contention on appeal is that inasmuch as defendant presented no evidence of either measure of damages as prescribed by the statute, plaintiff was entitled to a directed verdict on the issue of compensation.

In reviewing the trial court's denial of plaintiff's motion for a directed verdict, the question is whether the evidence was sufficient to go to the jury on defendant's claim. The evidence is sufficient to go to the jury when there is more than a scintilla of evidence to support each element of the claim. Furthermore, the evidence must be viewed in the light most favorable to defendant, affording defendant all reasonable inferences which may be drawn from the evidence. *Clark v. Moore*, 65 N.C. App. 609, 610, 309 S.E.2d 579, 580-81 (1983).

The evidence at trial, taken in the light most favorable to defendant, tended to show the following: The property which is the subject of this appeal is a 32.6 acre tract located in Guilford County. Defendant has owned the property, known as the Kellenberger Estate, since March of 1988. A house, a lake, botanical gardens, and hardwood trees are on the property. In 1991, plaintiff condemned the sewer line easement at issue. The easement was twenty feet wide and stretched 1471 feet across the property. A temporary construction easement twenty feet wide was also taken. The sewer line separated the northernmost 7.7 acres of the 32.6 total from the rest.

The highest and best use for the 7.7 acres was for subdivision into large, single-family lots. Defendant, an experienced developer with knowledge of the value of raw land in Guilford County, testified that immediately before the taking, the fair market value of the 7.7 acres was $192,500, or $25,000 per acre. Defendant further testified that the sewer line rendered the 7.7 acres unfit for their highest and best use. Therefore, the fair market value of the 7.7 acre area after the taking was, in effect, zero. In addition, Kaye

Hancock, a real estate broker in Guilford County, testified that it was her opinion that the 7.7 acres had a pre-taking value of $25,000 to $27,000 per acre. She stated that after the taking, the value was $1,000 per acre. Both witnesses testified that the value of the remainder of the 32.6 acre tract was decreased by the construction of the sewer line, but neither witness stated by what amount the value of that area was decreased. The witnesses based their conclusions on the fact that the resulting forty foot cleared easement through the hardwoods was obvious and made the remainder more accessible to trespassers.

Plaintiff contends that defendant presented no evidence of (i) the amount by which the fair market of the entire tract before the taking exceeded the fair market value of the remainder after the taking or (ii) the fair market value of the property taken. Further, plaintiff presented evidence that the fair market value of the entire 32.6 acre tract before the taking was $247,000 and that the value of the remainder after the taking was $241,100, leaving a difference of $5,900. Plaintiff argues that defendant's failure to present evidence as to the amount due defendant under the statutory valuation method set forth by section 40A-64(b) required the trial court to direct a verdict for plaintiff, awarding defendant at the most $5,900. We disagree.

Defendant's evidence was that the most dramatic decrease in value caused by the sewer line was to the 7.7 acre area. As to this area, he and Ms. Hancock testified to before-taking and after-taking values. As to the remainder of the 32.6 acre tract, defendant and Ms. Hancock testified that its value was decreased by the sewer line, but they did not specify an amount. Because there was no evidence of any diminution in value, we may assume that the value of such land remained relatively constant. The logical consequence of assuming that only the 7.7 acre area was affected is that the diminution in its value will necessarily equal the diminution in value of the "entire tract." On this point, the analysis of this Court in *Duke Power Co. v. Mom 'N' Pops Ham House, Inc.*, 43 N.C. App. 308, 258 S.E.2d 815 (1979), is illustrative.

In that case, Duke Power condemned part of the defendant's property under N.C.G.S. § 136-112, which provides for the same measure of compensation as section 40A-64(b)(i). Because part of the tract was not affected by the taking, an expert witness sought to testify as to the before and after values of only that part of

the tract that decreased in value. This Court reasoned that where part of the property will remain constant in value despite the taking, expert appraisers will not have to include that value in their computations in order for their testimony to be competent. *Id.* at 313, 258 S.E.2d at 819. In the present case, defendant's evidence consisted of the before and after values of the 7.7 acre area. We conclude that this was sufficient evidence to go to the jury. Accordingly, the trial court properly denied plaintiff's motion for a directed verdict.

[2] Plaintiff's second contention on appeal is that the trial court erred in instructing the jury on the measure of damages. Plaintiff argues that the following portion of the jury charge did not allow the jury to view the contentions of the parties in light of the evidence:

> On the issue before you, the defendant and the plaintiff take different positions. Mr. Kane has presented evidence which tends to show that the difference in the value of the property immediately prior to the taking and the value of the property subject to the sewer easement immediately after the taking was $192,500.00. The plaintiff disagrees and has presented evidence which tends to show that the difference in the value of the property immediately prior to the taking and immediately after the taking was $5,900.00. What the evidence does show is for you to say and determine.

We believe that the charge did allow the jury to view the contentions of the parties in light of the evidence, and, thus, plaintiff's contention is without merit. The jury was free to consider the value of the entire tract even if based on specific values for the 7.7 acre tract from defendant's evidence. There was, however, evidence as to the value of the "entire tract" from plaintiffs. The jury apparently found the truth and the amount of damages between the opposing contentions. We believe the jury was well within their rights.

No error.

Judges JOHNSON and EAGLES concur.