TERESA T. WIKE v. EDWIN WAYNE WIKE

No. 9325SC990

(Filed 7 June 1994)

**Partnership § 8 (NCI4th)— former husband and wife as business partners—existence of partnership—sufficiency of evidence**

The evidence was sufficient to support the verdict that plaintiff and defendant were equal partners in a landscape business where it tended to show that the business was run from the parties' home; it was through plaintiff's efforts that the business was able to be initially capitalized; plaintiff handled most of the financial affairs of the business; plaintiff purchased equipment used in the landscaping business with funds from her personal account and paid for some of the debts of the business from her personal account; and plaintiff never received a salary for her services but systematically wrote checks from the business account for her personal as well as joint debts. N.C.G.S. § 59-36.

**Am Jur 2d, Partnership §§ 43 et seq.**

Appeal by defendant from order entered 15 June 1993 *nunc pro tunc* for 13 April 1993 by Judge Beverly T. Beal in Caldwell County Superior Court. Heard in the Court of Appeals 23 May 1994.

*Todd A. Cline for plaintiff-appellee.*

*Wilson, Palmer, Lackey and Starnes, P. A., by W. C. Palmer, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff Teresa T. Wike filed a verified complaint against defendant Edwin Wayne Wike on 25 September 1991 seeking a decree of dissolution of a partnership she contended existed between the parties or, in the alternative, a judgment for $36,913.15 against defendant for monies due and owing. Defendant filed an answer on 26 September 1991 denying the allegations of plaintiff. The matter came on for hearing before a jury on 12 April 1993.

Evidence presented at trial showed that plaintiff and defendant were married on 21 July 1967 and were divorced on 4 August 1982. However, plaintiff and defendant continued to have a relationship

and began to reside together in 1984 or early 1985. After plaintiff and defendant lived together for some time, defendant discussed with plaintiff the idea of starting a landscaping business; at the time, defendant was employed as a truck driver operating a business known as "Bug Tussle." Plaintiff never shared in the income derived from Bug Tussle, or had independent signature authority to sign checks for the Bug Tussle account.

After the parties moved in together, they purchased a home in their joint names. At the time the parties decided to start this landscaping business, Wayne Wike Landscaping (WWL), defendant owed money to the Internal Revenue Service (IRS) as well as other parties. Defendant's indebtedness prohibited the parties from going into business immediately. However, plaintiff obtained two loans totalling $13,614.84 to satisfy the existing indebtedness to the IRS. Plaintiff repaid these loans from her own personal account.

The business was formed and operated from their home. Plaintiff handled most of the financial affairs of the business which consisted of writing checks, preparing and sending out bills, general banking, preparation of invoices, and preparation of the books for the book-keeper. Defendant had little knowledge of the financial transactions of the business. Plaintiff executed promissory notes with defendant for monies which were used to acquire assets of the business. Plaintiff assisted with manual labor involved in the business by putting up straw, combining, setting up yards and shrubbery and blowing straw.

Plaintiff purchased equipment used in the landscaping business with funds from her personal account, and also paid for some of the debts of the business from her personal account. Plaintiff never received a salary for her services but systematically wrote checks from the WWL account for her personal as well as joint debts. Defendant never objected to plaintiff withdrawing funds from the WWL account for her own personal use. The parties ended their relationship in 1991.

During the course of the trial, defendant made a motion for a directed verdict at the close of plaintiff's evidence which the trial judge denied. Defendant also made a motion for a directed verdict at the close of all the evidence, which the trial court denied. The jury found that a partnership existed between plaintiff and defendant, and that plaintiff had a 50% interest in the partnership. The trial court entered a judgment declaring the parties to be equal partners in the business known as WWL, dissolving the partnership, and appointing

WIKE v. WIKE

[115 N.C. App. 139 (1994)]

a receiver. From this order, defendant entered notice of appeal to our Court.

Defendant argues on appeal that the trial court erred in that the evidence as a matter of law was insufficient to support the verdict. We disagree.

North Carolina General Statutes § 59-36 (1989) states that "[a] partnership is an association of two or more persons to carry on as co-owners a business for profit." To prove existence of a partnership, an express agreement is not required; the intent of the parties can be inferred by their conduct and an examination of all of the circumstances. *Peed v. Peed*, 72 N.C. App. 549, 325 S.E.2d 275, *cert. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985). "A partnership is a combination of two or more persons of their property, effects, labor, or skill in a common business or venture, under an agreement to share the profits or losses in equal or specified proportions, and constituting each member an agent of the others in matters appertaining to the partnership and within the scope of its business." *Zickgraf Hardwood Co. v. Seay*, 60 N.C. App. 128, 133, 298 S.E.2d 208, 211 (1982), *citing Johnson v. Gill*, 235 N.C. 40, 68 S.E.2d 788 (1952). "Our appellate courts have clearly held that co-ownership and sharing of any actual profits are indispensable requisites for a partnership." *Wilder v. Hobson*, 101 N.C. App. 199, 202, 398 S.E.2d 625, 627 (1990), *citing Sturm v. Goss*, 90 N.C. App. 326, 368 S.E.2d 399 (1988).

The evidence presented herein shows that plaintiff certainly contributed her "property, effects, labor, [and] skill" to the business known as WWL; indeed, the testimony indicates that it was through her efforts the business was able to be initially capitalized. We also find persuasive the evidence that WWL operated from the home which was owned by both of the parties; that plaintiff handled most of the financial affairs of the business; that plaintiff purchased equipment used in the landscaping business with funds from her personal account and also paid for some of the debts of the business from her personal account; and that plaintiff never received a salary for her services but systematically wrote checks from the WWL account for her personal as well as joint debts. Therefore, we find defendant's contention that the trial court erred in finding the evidence as a matter of law sufficient to support the verdict without merit.

Defendant next argues that the trial court erred in that plaintiff's claim is barred as against public policy. Defendant contends that "[t]he 'partnership' proposed by the plaintiff was against public poli-

cy because it would allow her to escape the effects of the prior divorce decree and because the illicit relationship of the parties was the basis for the agreement." We disagree with defendant. The actions presented in the instant case all took place after the parties were divorced. Additionally, we find no evidence that the "illicit relationship" has formed a part of the consideration of any binding contract. This argument is meritless.

No error.

Judges ORR and WYNN concur.