ALEXANDRA CURY, Plaintiff v. DAVID F. MITCHELL, Defendant

No. COA09-238

(Filed 16 February 2010)

## 1. Trusts—constructive— statement of claim—sufficient

The trial court erred by granting defendant's motion to dismiss a claim of constructive trust for failure to state a claim where plaintiff alleged that a fiduciary relationship existed, that defendant breached the duty, and that defendant was unduly enriched.

## 2. Trusts— resulting—statement of claim—sufficient

Plaintiff alleged a proper claim for a resulting trust where plaintiff and defendant together paid for the land in question but only defendant took title.

## 3. Contracts— breach—statement of claim—not sufficient

Plaintiff did not sufficiently allege a breach of contract claim in her pleadings and her brief offered no legal authority to justify

or explain the shortcoming. The trial court's dismissal of the claim was affirmed.

Appeal by plaintiff from judgment entered 4 December 2008 by Judge Dennis J. Winner in Buncombe County Superior Court. Heard in the Court of Appeals 15 September 2009.

*Lentz & Associates, by John M. Olesiuk, for plaintiff.*

*Roberts & Stevens, P.A., by Sarah Patterson Brison, for defendant.*

ELMORE, Judge.

Alexandra Cury (plaintiff) appeals an order dismissing her complaint against David Mitchell (defendant). After careful review, we affirm in part and reverse in part.

Plaintiff alleged the following facts in her 28 August 2008 complaint: The parties were "long-time domestic companions and resided together as such," although they never married. They also had a child together, who was nine years old at the time the complaint was filed. "In September 1998 the parties contributed their resources for the purchase of a home [in Asheville]. Specifically, Plaintiff contributed $25,000 of her own monies towards the $142,000 purchase price of the property. Title of the home in question was placed solely in Defendant's name." At the time plaintiff contributed $25,000.00 towards the purchase of the house, plaintiff was pregnant with their child. She alleged that, as a result, they had a fiduciary and "trusting" relationship.

In 1998, plaintiff's contribution represented eighteen percent of the property's purchase price and defendant had made no significant improvements since its purchase. After the parties separated, plaintiff asked defendant to "reimburse her for her contributions to the property, particularly her financial contribution at the time of" its purchase. "Although Defendant has repeatedly informed Plaintiff, both verbally and in writing, that he would do so, as of the time of the institution of this action Defendant has made no efforts to compensate Plaintiff for her acknowledged contributions." The complaint alleged that defendant acknowledged his obligation in writing in November 2006 and November 2007. At the time the parties purchased the property, "it was never the intentions of the parties that Defendant would receive exclusive interest in the home without compensating Plaintiff for her contribution." Specifically, "there was no agreement of the

parties that Plaintiff would go uncompensated for her $25,000 contribution at the time of closing."

Defendant moved to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of our Rules of Civil Procedure. Defendant also filed an answer to plaintiff's complaint, denying that he agreed to compensate plaintiff for her contribution to the house purchase and alleging several defenses. The trial court held a hearing on defendant's motion on 4 November 2008; however, the parties did not include a transcript of that hearing in the record on appeal. On 4 December 2008, the trial court granted defendant's motion to dismiss.

Because this appeal arises from defendant's motion to dismiss for failure to state a claim, "we treat plaintiff['s] factual allegations as true. The question then becomes whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Thompson v. Waters*, 351 N.C. 462, 462-63, 526 S.E.2d 650, 650 (2000) (citations omitted).

> Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).

**[1]** Plaintiff first argues that she set forth an adequate claim for relief based on the theory of a constructive trust.

> A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust. . . . [A] constructive trust is a fiction of equity, brought into operation to prevent unjust enrichment through the breach of some duty or other wrongdoing. It is an obligation or relationship imposed irrespective of the intent with which such party acquired the property, and in a well-nigh unlimited variety of situations. . . . [T]here is a common, indispensable element in the many types of situations out of which a construc-

tive trust is deemed to arise. This common element is some fraud, breach of duty or other wrongdoing by the holder of the property, or by one under whom he claims . . . . This equitable device belies its name, for no ongoing trust relationship is created when a court imposes a constructive trust. [T]he constructive trust plaintiff wins an *in personam* order that requires the defendant to transfer specific property in some form to the plaintiff. When the court decides that the defendant is obliged to make restitution, it first declares him to be constructive trustee, and then orders him[,] as trustee, to make a transfer of the property to the beneficiary of the constructive trust, the plaintiff.

*Roper v. Edwards*, 323 N.C. 461, 464, 373 S.E.2d 423, 424-25 (1988) (quotations and citations omitted; alterations in original). Although most constructive trusts arise from fraud, our Supreme Court held in *Roper* that the absence of fraud alone is not necessarily fatal to a claim of constructive trust:

Inequitable conduct short of actual fraud will give rise to a constructive trust where retention of the property by the holder of the legal title would result in his unjust enrichment. Fraud need not be shown if legal title has been obtained in violation of some duty owed to the one equitably entitled.

*Id.* at 465, 373 S.E.2d at 425 (quotations and citation omitted). In *Booher v. Frue*, this Court explained that the "plaintiffs, by alleging that a fiduciary relationship existed, that a fiduciary duty was breached, and that [the] defendants gained because of that breach . . . have made a claim for constructive trust." 86 N.C. App. 390, 395, 358 S.E.2d 127, 130 (1987), *aff'd per curiam by* 321 N.C. 590, 364 S.E.2d 141 (1988).

In this case, plaintiff alleged that defendant had a fiduciary relationship with her at the time he purchased the house because she was pregnant with his child and they were in a "trusting" relationship. Our Supreme Court has broadly defined a fiduciary relationship

as one in which there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence . . ., [and] it extends to any possible case in which a fiduciary relationship exists in fact, and in which there is confidence reposed on one side, and *resulting domination and influence on the other*.

*Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707-08 (2001) (quotations and citations omitted; alterations in original). "[T]he existence of a fiduciary relationship is a question of fact[.]" *Patterson v. Strickland*, 133 N.C. App. 510, 517, 515 S.E.2d 915, 919 (1999) (citation omitted). However, we have already recognized that a fiduciary relationship may exist between unmarried roommates, *see id.* (affirming a jury's determination that the roommates had a fiduciary relationship), so it seems reasonable that a jury could find a fiduciary relationship between unmarried romantic partners who are expecting a child together.

In her complaint, plaintiff alleged that defendant breached the trust of their fiduciary relationship by refusing to reimburse her for her financial contributions to the property and that defendant was unjustly enriched as a result. In *Rhue v. Rhue*, the plaintiff and the defendant were married, then divorced, and then reconciled and lived together as an unmarried couple from 1978 until 2003. 189 N.C. App. 299, 300, 658 S.E.2d 52, 55 (2008). The defendant purchased two properties after his divorce but before his reconciliation, and the properties remained in his name only. *Id.* at 301, 658 S.E.2d at 55. After the couple ended their romantic relationship in 2003, the plaintiff sued the defendant, alleging that she had a constructive trust in the two properties because she had helped the defendant improve the properties and he had promised her that the properties would "be used for their retirement[.]" *Id.* at 305, 658 S.E.2d at 58. At trial, the jury found a constructive trust in favor of the plaintiff. *Id.* at 302, 658 S.E.2d at 56. The trial court denied the defendant's motion for judgment notwithstanding the verdict, and we affirmed. *Id.* at 303, 658 S.E.2d at 56.

Here, plaintiff alleged that a fiduciary relationship existed, that defendant breached a fiduciary duty, and that defendant was unjustly enriched because of that breach. *See Booher*, 86 N.C. App. at 395, 358 S.E.2d at 130. These allegations and the facts as presented in the complaint are sufficient to state a claim for constructive trust, and the trial court erred by granting defendant's motion to dismiss for failure to state a claim.

[2] Plaintiff next argues that her complaint alleged a proper claim for resulting trust. We agree.

A resulting trust arises "when a person becomes invested with the title to real property under circumstances which in equity obligate him to hold the title and to exercise his ownership for

**CURY v. MITCHELL**

[202 N.C. App. 558 (2010)]

the benefit of another. . . . A trust of this sort does not arise from or depend on any agreement between the parties. It results from the fact that one man's money has been invested in land and the conveyance taken in the name of another."

*Patterson*, 133 N.C. App. at 519, 515 S.E.2d at 920 (quoting *Teachey v. Gurley*, 214 N.C. 288, 292, 199 S.E. 83, 86-87 (1938)).

The classic example of a resulting trust is the purchase-money resulting trust. In such a situation, when one person furnishes the consideration to pay for land, title to which is taken in the name of another, a resulting trust commensurate with his interest arises in favor of the one furnishing the consideration. The general rule is that the trust is created, if at all, in the same transaction in which the legal title passes, and by virtue of the consideration advanced before or at the time the legal title passes.

If A and C pay for a parcel of land, but only C takes title, the theory of the law is that at the time title passed A and C intended that both would have an interest in the land.

*Cline v. Cline*, 297 N.C. 336, 344-45, 255 S.E.2d 399, 404-05 (1979) (citations omitted). Here, A (plaintiff) and C (defendant) paid for a parcel of land, but only C (defendant) took title. Thus, plaintiff's factual allegations are sufficient to plead a resulting trust claim and the trial court improperly dismissed her claim. If a resulting trust is found to exist, its value may be a fraction of the property's total value. *See Patterson*, 133 N.C. App. at 520, 515 S.E.2d at 921 ("[A] finder of fact could reasonably determine that plaintiff and defendant had an agreement to purchase the property together and that plaintiff was entitled to *some share* of the property[.]") (emphasis added).

**[3]** Plaintiff's last claim for relief is for breach of contract. However, her complaint does not sufficiently allege the existence of a contract between the parties, and her brief offers no legal authority to justify or explain this shortcoming. Accordingly, we affirm the trial court's dismissal of plaintiff's third cause of action.

For the foregoing reasons, we reverse the trial court's judgment granting defendant's motion to dismiss and dismissing plaintiff's complaint as the judgment applies to plaintiff's first and second causes of action. We affirm the trial court's judgment as it applies to plaintiff's third cause of action. We remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part.

Judges WYNN and CALABRIA concur.